DAVID M. OVERSTREET, IV, No. 103039
OVERSTREET & ASSOCIATES
Attorneys At Law
1530 E. Shaw Avenue, Suite 102
Fresno, CA 93710

Telephone (559) 221-2771
Facsimile (559) 221-2775

ATTORNEYS FOR Defendants, CITY OF SELMA, THOMAS H. WHITESIDE AND STEVE BURGAMY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| KENYA DARRICK CALDWELL, an incompetent person by EVER JEAN KELLEY, his conservator,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SELMA, a government entity, THOMAS H. WHITESIDE, in his official capacity as Chief of Police for the City of Selma. STEVE BURGAMY, individually, and in his capacity as a police officer for the City of Selma, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 1:13-CV-00465-SAB<br><br>**ORDER ON SECOND STIPULATION FOR PROTECTIVE ORDER** |

**WHEREAS** Plaintiff KENYA DARRICK CALDWELL, an incompetent person by EVER JEAN KELLEY, his conservator has requested that Defendants, CITY OF SELMA, a government entity, THOMAS H. WHITESIDE, in his official capacity as Chief of Police for the City of Selma, STEVE BURGAMY, individually, and in his capacity as a police officer for the City of Selma (collectively, the "Defendants") provide the following documents in the course of discovery:

1. POST Training Record for Defendant, Steve Burgamy (**COS 000201**);

2. 2003 Edition City of Selma Police Policy No. 1020 (**COS 000211-000217**);

which are collectively referred to as the "DOCUMENTS."

////

**WHEREAS**, Defendants assert and believe, in good faith that the DOCUMENTS are:

1. Confidential, sensitive, or potentially invasive of an individual's privacy interests, as protected by Article I, section 1 to the California Constitution, including those protected by the Public Safety Officers Procedural Bill of Rights Act under California Government Code section 330 et seq.;

2. Protected from disclosure pursuant to the provisions of California Government

3. Not generally known or available to the general public; and/or

4. Not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

**IT IS HEREBY STIPULATED**, by, among and between the undersigned parties through their counsel of record, that the DOCUMENTS may be designated as **"CONFIDENTIAL"** by Defendants and produced, if warranted, subject to the following 2nd Stipulation for Protective Order ("the Stipulation").

**IT IS FURTHER STIPULATED:**

1. All DOCUMENTS produced under this Stipulation shall be designated as "**CONFIDENTIAL**". The disclosed documents shall be used solely in connection with the civil case of *Caldwell v. City of Selma, et al.*, U.S. District Court, Eastern Dist. Case No. 1:13-CV-00465-SAB, and in the preparation and trial of this case, or any related motions.

2. A party producing the DOCUMENTS and materials described above shall designate those materials by affixing a mark labeling them as **"CONFIDENTIAL."** If any **CONFIDENTIAL** materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked **"CONFIDENTIAL"** in a manner agreed upon by the disclosing and requesting Parties. Documents or copies provided by one party to the other containing **CONFIDENTIAL** information may be designated by marking the page or pages on which the **CONFIDENTIAL** information appears with the legend **"CONFIDENTIAL"**.

3.      During the course of any deposition or other proceeding in the course of the litigation which is the subject matter of this suit, at any time the information sought consists of **"CONFIDENTIAL"** information, the court reporter will note said reference on the record and will thereafter designate that portion of the transcript and/or document involved as **"CONFIDENTIAL"** and all such portions of transcripts supplied it shall be so designated.

If any document or information designated as **"CONFIDENTIAL"** pursuant to this Stipulation is used or disclosed during a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulation.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 3 of this Stipulation. Only individuals who are authorized by this Stipulation to see or receive such material may be present during the discussion or disclosure of such material.

It is agreed that counsel will not disclose **"CONFIDENTIAL"** information except for its use in depositions, trial or with investigators or experts.  Any exhibits containing **CONFIDENTIAL** information at any deposition, trial, or other proceeding, will be sealed in a separate envelope, which is marked on the outside, **"CONFIDENTIAL"**.

4.      If **"CONFIDENTIAL"** information is contained in any responses to interrogatories, other discovery requests, or responses, any memorandum, briefs, affidavits, declaration, or other papers or documents filed by the court, they shall be designated as **"CONFIDENTIAL"** information by prominently marking each page containing **CONFIDENTIAL** information with the legend "**CONFIDENTIAL**".

5.      All "**CONFIDENTIAL**" information filed, exchanged or produced during the course of the litigation shall be used solely for the purpose of litigation.  Except as otherwise provided in this order, no "**CONFIDENTIAL**" information shall be disclosed.

6.      Documents or materials designated under this Stipulation as **"CONFIDENTIAL"** may only be disclosed to the following persons:

3

    a. Counsel for Plaintiff, KENYA DARRICK CALDWELL, an incompetent person by EVER JEAN KELLEY, his conservator;

    b. Counsel for Defendants, CITY OF SELMA, a government entity, THOMAS H. WHITESIDE, in his official capacity as Chief of Police for the City of Selma. STEVE BURGAMY, individually, and in his capacity as a police officer for the City of Selma;

    c. Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) directly above;

    d. Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action all subject to the restrictions set forth in this Stipulation;

    e. Any expert, investigator or consultant retained in connection with this action, subject to the restrictions set forth in this Stipulation;

    f. The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel;

    g. Plaintiff, only to the extent reasonably necessary to assist his counsel in this litigation or for his counsel to advise him with respect to the litigation. Plaintiff shall not physically possess, outside of his counsel's office, in any physical form, whether paper, video, audio, electronic or otherwise, any **CONFIDENTIAL** item and to the extent a **CONFIDENTIAL** item is disclosed to Plaintiff, he is not to disclose **"CONFIDENTIAL"** information or materials to any other persons without prior court permission or by prior stipulation by the Defendant.

    7. Prior to the disclosure of any **CONFIDENTIAL** information to any person identified in paragraph 6, each such recipient of **CONFIDENTIAL** information shall be provided with a copy of this Stipulated Confidentiality Agreement, which he or she shall read. Upon reading this Stipulation, such person shall acknowledge in writing that he or she has read

this Stipulation and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the State of California with respect to any proceeding related to enforcement of this Stipulation, including without limitation, any proceeding for contempt.  Provisions of this Stipulation, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.  Plaintiff shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked **CONFIDENTIAL** are given. Defendants may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiff, or an agent thereof, has breached the Stipulated Confidentiality Agreement.

8. All documents or materials designated as **"CONFIDENTIAL"** pursuant to this Stipulation, and all papers or documents containing information or materials designated as "**CONFIDENTIAL**," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information: "This envelope is sealed pursuant to order of the Court and contains **CONFIDENTIAL** Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

9. The designation of information as **"CONFIDENTIAL"** and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

10. A party may apply to the Court for an order that information or materials labeled **"CONFIDENTIAL"** are not, in fact, **CONFIDENTIAL**. Prior to so applying, the party seeking to reclassify **"CONFIDENTIAL"** information shall meet and confer with the producing party. Until the matter is resolved by the Parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.  The producing party shall have the burden of establishing the propriety of the **"CONFIDENTIAL"** designation.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

11. Additional copies shall be provided for, and requests for further copies shall be made, as set forth in this paragraph 11, as follows:

   a. Plaintiff shall notify counsel for Defendants the specific number of copies of documents marked **"CONFIDENTIAL"** they seek for production. Said number of copies shall constitute the number of copies that Plaintiff reasonably believes is needed in preparation of his case, including any copies for attorney work product, copies for experts and copies for court filings. Defendants shall, in a timely manner, produce said number of copies to Plaintiff.
   b. Plaintiff shall be billed for the copying of the **CONFIDENTIAL** documents at Defendants' actual cost.
   c. If Plaintiff, in good faith, requires additional copies of documents marked **"CONFIDENTIAL"** in preparation of his case, he shall make a further Request to counsel for the Defendants.
   d. Upon agreement with counsel for Defendants, copies will be produced in a timely manner to Plaintiff, pursuant to the procedures of this Stipulated Confidentiality. Agreement shall not be unreasonably withheld by counsel for the Defendants.
   e. Defendants shall produce **CONFIDENTIAL** information to Plaintiff with a red marking labeled **"CONFIDENTIAL"**.

Notwithstanding the provisions of paragraph 6, **CONFIDENTIAL** information produced pursuant to this Stipulation may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

12. Should any information designated **CONFIDENTIAL** be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Stipulation, the

disclosing person(s) shall promptly (a) inform Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s), (b) use best efforts to bind the recipient(s) to the terms of this Stipulation and (c) use all efforts to retrieve any and all copies of the unauthorized disclosure or document. No information shall lose its **CONFIDENTIAL** status because it was disclosed to a person not authorized to receive it under this Stipulation. Absent a showing of good cause for the unauthorized disclosure, Defendants reserve the ability to bring a motion for contempt for violation of this Stipulation.

13. After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing **"CONFIDENTIAL"** information will remain **CONFIDENTIAL**, and if filed with the Court, shall remain under seal. All parties hereto also ensure that all persons to whom **"CONFIDENTIAL"** documents were disclosed shall be returned to counsel for the producing party. The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all **CONFIDENTIAL** documents received under the provisions of this Stipulation, including all copies made, shall be tendered back to the attorneys for the Defendants in a manner in which Defendants will be able to reasonably identify that all documents were returned.

14. This Stipulation shall remain in full force and effect and shall continue to be binding on all parties hereto and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulation for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulation by Court order for good cause shown or by the parties' stipulation.

15. Defendant Steve Burgamy specifically agrees and affirms that he consents to the disclosure and use of the documents and information to be produced pursuant to this Stipulation and that he shall not initiate a claim or an action of any type, against the City of Selma or the Plaintiff or their respective attorneys, agents, employees, investigators, consultants and experts

as a result of the City of Selma's disclosure of **CONFIDENTIAL** documents, pursuant to this protective order or further order of the Court.

  16. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Stipulation as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of **CONFIDENTIAL** material.

                **LAW OFFICE OF M. GREG MULLANAX**

DATE: _____, 2014      By: _____
                 M. GREG MULLANAX
                 Attorneys for Plaintiff,
                 KENYA DARRICK CALDWELL, an
                 incompetent person, by EVER JEAN
                 KELLEY, his conservator

                **OVERSTREET & ASSOCIATES**

DATE: _____, 2014      By: _____
                 DAVID M. OVERSTREET, IV
                 Attorneys for Defendants,
                 CITY OF SELMA, THOMAS H.
                 WHITESIDE and STEVE BURGAMY

## ORDER

Based on the foregoing Stipulation of the parties, and good cause having been found, IT IS HEREBY ORDERED that a Protective Order is hereby issued as to the following documents:

1. POST Training Record for Defendant, Steve Burgamy (**COS 000201**);
2. 2003 Edition City of Selma Police Policy No. 1020 (**COS 000211-000217**);

and which are collectively referred to as the "DOCUMENTS."

The DOCUMENTS shall be produced to counsel for Plaintiff within thirty (30) days from the date that this Stipulation is filed with the Court, to be produced, designated, used and handled in the manner set forth in this Stipulation.

IT IS FURTHER ORDERED that any request for documents to be filed under seal with the Court must comply with Local Rule 141.

IT IS SO ORDERED.

Dated:   **July 11, 2014**

_____
UNITED STATES MAGISTRATE JUDGE