# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYA DARRICK CALDWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SELMA, et al.,<br><br>　　　　　Defendants. | Case No.  1:13-cv-00465-SAB<br><br>ORDER GRANTING MILTON GREG MULLANAX' MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF AND GRANTING DEFENDANTS' REQUEST TO ALLOW INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF<br><br>(ECF Nos. 55, 58, 61)<br><br>THIRTY-DAY DEADLINE |

This action was filed on March 28, 2013, by Ever Jean Kelley as conservator for Plaintiff Kenya Darrick Caldwell.  The complaint alleged the City of Selma, Thomas Whiteside, and Steve Burgamy violated Plaintiff's right to be free from unreasonable searches and seizures, due process or law, excessive force, equal protection, and freedom of interference with Plaintiff's zone of privacy for an incident in which Plaintiff was shot.  Defendants moved for summary judgment on the Fourth Amendment claims on July 25, 2014.  On August 29, 2014, an order issued granting Plaintiff's partial motion for summary judgment.

On October 30, 2014, Plaintiff's counsel filed a motion to withdraw as Plaintiff's attorney of record.  (ECF No. 55.)  On November 5, 2014, Defendants filed a motion to modify the scheduling order to bring a second motion for summary judgment and to allow an independent psychological examination of Plaintiff.  (ECF No. 58.)  Defendants filed a statement

1

of non-opposition to the motion to withdraw on November 21, 2014.  (ECF No. 61.)  An order granting the motion to amend the scheduling order issued on December 2, 2014, reserving a ruling on the request for an independent psychological examination of Plaintiff.  (ECF No. 63.)  On December 5, 2014, Plaintiff filed a statement of non-opposition to the request for an independent psychological examination.  (ECF No. 64.)

A hearing was held on December 10, 2014, on the motion to withdraw.  Counsel Milton Greg Mullanax appeared for Plaintiff, and counsel David M. Overstreet appeared for Defendants.  Also present was Plaintiff's conservator, Ever Jean Kelley.  A break was taken during the hearing for Mr. Mullanax and Ms. Kelley to determine if they could resolve the issue of continued representation.  Following the meeting, Mr. Mullanax reported that he and Ms. Kelley have irreconcilable differences regarding the way this action should be handled.

Mr. Mullanax seeks to withdraw as counsel for Plaintiff because he has been discharged by Ms. Kelley.  Defendant does not oppose the motion as long as Plaintiff has new counsel to act on his behalf.

An attorney may generally withdraw from representation at the request of the client.  The Local Rules of the Eastern District of California provide that "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." L.R. 182(d).  "Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules."  Id.  An attorney may withdraw from representing a client where "[t]he client knowingly and freely assents to termination of employment[.]" Cal. R. P. C. 3–700(C)(5).

The decision to grant counsel's motion to withdraw is within the discretion of the trial court. Canandaiqua Wine Co., Inc. v. Moldauer, No. 1:12-cv-06599, 2009 WL 89141 *1 (E.D. Cal. Jan. 13, 2009).  "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." Id.

In this instance, counsel seeks to withdraw because he has been discharged by his client. (Decl. of M. Greg Mullanax ¶¶ 7-10.)  The Court has recently amended the scheduling order to allow a second motion for summary judgment to be filed by February 6, 2015.  Should Plaintiff wish to obtain substitute counsel, this is sufficient time for Plaintiff to obtain such counsel and allow counsel to review the record prior to having to file an opposition to the motion for summary judgment.  Allowing counsel to withdraw will not prejudice the parties in this action, nor should it result in delay of the resolution of the remaining claims.  Finally, given the limited claims that are remaining in this action, the Court finds that there will be no harm to the administration of justice by granting the motion to withdraw.

Plaintiff shall be required to advise the Court whether he has obtained a new attorney or intends to proceed in this action in propria persona.  Plaintiff is advised that should Ms. Kelley decide to proceed in propria persona in this action, the Court will require her to file a resume demonstrating that she meets basic standards of competence to protect the interests of Plaintiff.  If the issue of self-representation arises, the Court will set a hearing on the competence issue.  Further, Plaintiff is advised that the Court is not inclined to grant continuances on any motion for summary judgment filed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Counsel's motion to withdraw, filed October 30, 2014, is GRANTED;
2. Defendants' request for an independent psychological examination is GRANTED and the independent psychological examination shall be conducted within ninety (90) days from the date of service of this order;
3. Plaintiff shall notify the Court within thirty (30) days of the date of service of this order of the identify of new counsel or his intent to proceed in propria persona in this action;
4. The Clerk of the Court shall terminate Minton Greg Mullanax as counsel of record for Plaintiff; and

///

///

3

5.  The Clerk of the Court is directed to update the docket with the contact information of Ever Jean Kelley which shall be filed separately from this order.

IT IS SO ORDERED.

Dated:   **December 10, 2014**

_____
UNITED STATES MAGISTRATE JUDGE