# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYA DARRICK CALDWELL,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF SELMA, et al.,<br><br>          Defendants. | Case No.  1:13-cv-00465-SAB<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME AND CONTINUING HEARING ON MOTION FOR SUMMARY JUDGMENT TO APRIL 15, 2015 AT 10:00 A.M. IN COURTROOM 9<br><br>(ECF No. 86)<br><br>FIVE DAY DEADLINE |

  Ever Jean Kelley filed this action as conservator for Plaintiff Kenya Darrick Caldwell on March 28, 2013.  (ECF No. 1.)  On April 21, 2013, a first amended complaint was filed alleging unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments; denial of due process in violation of the Fifth and Fourteenth Amendments; excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments, denial of equal protection in violation of the Fourteenth Amendment, right to be free from interference with Plaintiff's zone of privacy in violation of the Fourth and Ninth Amendments; and the right to free from malicious prosecution.  (ECF No. 7.)  This action arises out of an incident in which Plaintiff was shot while he was physically attacking Officer Burgamy.

  Defendants moved for summary judgment on the Fourth Amendment claims.  (ECF No. 24-29.)  On August 29, 2014, this court entered partial summary judgment for Defendants on the

Fourth Amendment claims raised in the first amended complaint. (ECF No. 48, as amended September 3, 2014.) The parties then agreed to dismiss the remaining claims for a waiver of fees and costs.

On October 30, 2014, Plaintiff's counsel filed a motion to withdraw as attorney of record as his employment had been terminated by Ms. Evers. (ECF No. 55.) On November 5, 2014, Defendants filed a motion to amend the scheduling order to bring a second motion for summary judgment due to the settlement agreement falling apart. (ECF No. 58.) On December 2, 2014, an order issued granting Defendants' motion to amend the scheduling order allowing Defendants to file a dispositive motion on or before February 6, 2015. (ECF No. 63.)

A hearing was held on the motion to withdraw on December 10, 2014. (ECF No. 65.) A break was taken during the hearing for Ms. Evers and counsel to confer to determine if their differences could be resolved. Following this meeting, counsel reported that he and Ms. Evers were unable to resolve their differences; and the Court granted the motion to withdraw. (ECF No. 66.) During the hearing, Ms. Evers was advised that she was now proceeding pro se and she needed to begin seeking an attorney as soon as possible. Further Ms. Evers was advised that her response to the motion would be due shortly after the motion was filed and the Court did not want to hear at the hearing that she had not had time to find an attorney.

Defendants filed a motion for summary judgment on January 26, 2015, and a hearing is set for March 4, 2014. (ECF No. 69.) As Ms. Evers has not filed a substitution of attorney, on January 29, 2015, an order issued requiring Ms. Kelly to submit a resume demonstrating that she meets basic standards of competency to protect Plaintiff's interest in this action within fourteen days. (ECF No. 84.) An information order for pro se litigants was also provided to Ms. Kelly. (ECF No. 85.)

On February 12, 2015, Plaintiff filed a motion for a thirty day extension of time to find counsel. (ECF No. 86.) Ms. Evers states that she does not have the credentials to represent Plaintiff in this action.

Ms. Evers is not required to possess any specific credentials in order to have the basic standards of competency to protect Plaintiff's interest. Individuals are able to proceed without

counsel in actions and frequently do, especially where they have difficulty obtaining counsel due to the basis of the claims they are seeking to bring.

In addressing requests for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). In determining whether exceptional circumstances exist to require the appointment of counsel, the district court evaluates "both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Considering those factors here, summary judgment has been entered in favor of Defendants on Plaintiff's Fourth Amendment claims finding that Defendant Burgamy did not use excessive force and is entitled to qualified immunity; and that Defendants City of Selma and Whiteside are entitled to summary judgment on the policy and procedure and failure to train claims. (ECF No. 48.) The issues involved in the remaining claims are not complex; and based upon review of the record in this action, the Court cannot find that the likelihood of success on the merits of these claims would weigh in favor of appointing counsel. Finally, discovery in this action has been completed and all that remains is for Plaintiff to file an opposition to the motion for summary judgment on the remaining claims. Therefore, this Court only needs to determine whether Ms. Evers has basic competency to represent Plaintiff's interest.

Ms. Evers has been ordered to provide the Court with a resume showing that she meets basic standards of competency and her statement that she does not possess the credentials to represent Plaintiff is not sufficient to show that she is unable to proceed pro se in this action.

Plaintiff has had since December 10, 2014 to obtain counsel if she did not want to proceed pro se. Plaintiff has not shown that any efforts have been made to seek counsel in the three months since she terminated her counsel. Plaintiff was advised that the Court would not look with favor upon any last minute assertion that she had not had time to find counsel. The

Court finds that Plaintiff has not demonstrated good cause for a continuance in this action.

Based upon the hearing date of March 4, 2015, Plaintiff's opposition to the motion for summary judgment is due February 18, 2015. As Ms. Evers has not yet submitted her resume, the hearing date shall be continued for the Court to address the issue of basic competency.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time filed February 12, 2015 is DENIED;
2. Within five days from the date of service of this order, Ms. Evers shall file a resume setting forth her education, work history, volunteer history, and any other pertinent information for the Court to determine basic competency;
3. The hearing set for March 4, 2015 at 10:00 a.m. is continued to April 15, 2015 at 10:00 a.m. in Courtroom 9;
4. Plaintiff shall file an opposition to the motion for summary judgment on or before April 1, 2015; and
5. Failure to comply with this order will result in this action being dismissed.

IT IS SO ORDERED.

Dated: **February 18, 2015**

UNITED STATES MAGISTRATE JUDGE