# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYA DARRICK CALDWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SELMA, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00465-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE MAGISTRATE JUDGE<br><br>(ECF No. 90) |

Currently, a motion for summary judgment is pending on the claims remaining in this action after the Court granted Defendants' motion for partial summary judgment. On March 4, 2015, Plaintiff, by his conservator Ever Jean Kelley, filed a motion to recuse the undersigned in this action. Although Plaintiff requests that the undersigned recuse himself in this action, the motion also seeks reassignment to a district judge. Accordingly, the Court shall address both recusal and withdrawal of consent.

Plaintiff seeks recusal of the magistrate judge because she was not provided with a fair opportunity to represents the facts and law based upon Plaintiff's previous attorney's representation. A judge is required to recuse himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a).[1] Under section 455(a), a judge must recuse himself if a reasonable person with knowledge of all the facts would conclude that his impartiality might reasonably be questioned. <u>Perry v. Schwarzenegger</u>, 630 F.3d 909, 911 (9th Cir. 2011). A judge "must not simply recuse out of an abundance of caution when the facts do

---

[1] Section 455(b) sets forth circumstances in which the judge shall disqualify himself. Plaintiff does not allege that any of the circumstances apply in this instance; and the Court finds that none of section 455(b) criteria would require recusal here.

1 not warrant recusal.  Rather, there is an equally compelling obligation not to recuse where 2 recusal in not appropriate.  United States v. Sierra Pac. Indus., 759 F. Supp. 2d 1198, 1200-01 3 (E.D. Cal. 2010).  The challenged judge is to rule on the legal sufficiency of the recusal motion 4 in the first instance.  United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).

5       The question under section 455 is whether a reasonable person would perceive a 6 significant risk that the judge will resolve on the case on some basis other than the merits.  7 United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).  Section 455 "is limited by the 8 'extrajudicial source' factor which generally requires as the basis for recusal something other 9 than rulings, opinions formed or statements made by the judge during the course of trial." Id. at 10 913-14 (quoting Liteky v. United States, 510 U.S. 540, 554–56 (1994)).

11       Plaintiff seeks recusal on the basis that her attorney agreed to consent and she did not 12 receive a fair hearing because of the representation by her attorney.  "The actions of attorneys, on 13 behalf of their clients, are imputed to the clients."  In re Tucson Properties Corp., 193 B.R. 292, 14 299 (D. Ariz. 1995) (citing Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 15 U.S. 380 (1993)).  Plaintiff's attorney consented to the jurisdiction of the magistrate on his 16 behalf, and the undersigned has been proceeding over matters since February 27, 2014, including 17 Defendants' motion to dismiss, without objection by Plaintiff.  Plaintiff has presented no reason 18 for this Court to find that Plaintiff did not consent to the jurisdiction of the magistrate.  Plaintiff's 19 dissatisfaction with her attorney is not a basis for this Court to recuse itself in this action.

20       Plaintiff states that the appearance of propriety would support the recusal of the 21 magistrate judge without setting forth any basis for this Court to find that its impartiality could 22 reasonably be questioned.  The Court finds that there is no basis for recusal; and Plaintiff's 23 motion for recusal is denied.

24       To the extent that Plaintiff's motion could be construed as a motion to withdraw 25 Plaintiff's consent to the magistrate judge, Plaintiff has failed to set forth extraordinary 26 circumstances to withdraw Plaintiff's consent to the magistrate judge.  While a party in a federal 27 civil case generally has a right to proceed before an Article III judge, 28 U.S.C. §636(c) provides 28 that a party can waive this right, allowing a magistrate judge to conduct proceedings in the

matter. Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993). In this instance, Plaintiff consented to proceed before the magistrate judge on February 25, 2014. (ECF No. 15.) Pursuant to this consent, the case was referred to the undersigned for all proceedings. (ECF No. 17.)

"Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.' " Dixon, 990 F.2d at 480 (citations omitted). There is no absolute right in a civil case for a party to withdraw their consent to have all proceedings heard before a magistrate judge. Id.

Plaintiff states that due to the complexity of her case, justice would be better served if the matter was heard before a district judge. To the extent that complexity of the legal issues could justify withdraw of a party's consent, Plaintiff has brought this civil rights action alleging excessive force, racial discrimination, due process, and similar violations. Magistrate judges, including the undersigned, routinely consider such claims brought by litigants. Further, in determining Plaintiff's motion for an extension of time to find an attorney, the Court found that the issues remaining in this litigation are not complex.[2] (ECF No. 87.) The undersigned does not find good cause, nor has Plaintiff shown that extraordinary circumstances exist, to grant the request to withdraw consent to the magistrate judge in this action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for recusal, filed March 4, 2015, is DENIED. Plaintiff shall comply with the orders requiring an opposition to Defendants' motion for summary judgment to be filed by April 1, 2015.

IT IS SO ORDERED.

Dated: **March 5, 2015**

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that Ms. Evers has been determined to have the basic competency to represent Plaintiff's interest in this action and Ms. Evers motion to recuse demonstrates that she has basic competency to raise and address issues here.